UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ALAN HARR,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>  Defendants. | Case No.: 1:15-cv-01573 - ---  - JLT<br><br>ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Wayne Alan Harr initiated this action by filing a complaint against the United States of America, the President of the United States, the Bakersfield Police Department, Juan and "his partner Pinky," Trans West Security, Narducci's Café, Kern Medical Center, and Rite Aid Pharmacy for "intentional malicious infliction of psychophysiological[l] distress." (Doc. 1)  Plaintiff seeks to proceed *pro se* and *in forma pauperis* with his claims against these defendants.

The Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

Nevertheless, Plaintiff fails to provide any information regarding his financial status, other than the fact that he receives Social Security and retirement income.  Without further information,

including his monthly income and expenses, the Court is unable to determine whether Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a)(1) to proceed IFP in this action.

In addition, the Court has reviewed the complaint pursuant to 28 U.S.C. §1915(e)(2) and notes there are not *any* factual allegations in the complaint.  Rather, Plaintiff only identifies numerous defendants and a monetary amount in damages that he is seeking against each defendant.  Plaintiff is advised that he is required by Rule 8 of the Federal Rules of Civil Procedure to provide a defendant with fair notice of the claims against him, and to state facts in support of his claims.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. **Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement**.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added).  Thus, conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff **SHALL** file an amended motion to proceed in forma pauperis no later than **November 18, 2015**; and

2. Plaintiff **SHALL** file an amended complaint that alleges facts sufficient to support his claims for relief within twenty-one days of the date of service of this Order.

**Plaintiff is cautioned that failure to comply with this Order will result in the recommendation that the action be dismissed.**

IT IS SO ORDERED.

Dated:   **November 5, 2015**           **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE

2